UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY,

                                                             Civil Action No.

                          Plaintiff,

            -against-

CLEAR BLUE SPECIALTY INSURANCE
COMPANY,

                          Defendant.
------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY ("Travelers"), by its attorneys, Usery & Associates, as and for its Complaint for Declaratory Judgment against Defendant, CLEAR BLUE SPECIALTY INSURANCE COMPANY ("Clear Blue"), alleges upon information and belief as follows:

### Nature of the Action

1.      In this action, Travelers seeks a declaration that Clear Blue is obligated to defend and to indemnify The Rinaldi Group of New York, LLC ("Rinaldi") and YWA-Amsterdam LLC ("YWA") in connection with an underlying action asserting claims for injuries allegedly sustained by Ramon Rodal (the "Claimant").  The incident allegedly occurred on or about December 16, 2020 at a construction project at 2420 Amsterdam Avenue in New York, New York (the "Project").

## Parties

2.      At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3.      Upon information and belief, at all times relevant hereto, Clear Blue was and is an Illinois corporation with a principal place of business in Guaynabo, Puerto Rico.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred here.

6.      An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Clear Blue.

7.      Plaintiff Travelers has no adequate remedy at law.

## The Insurance Policies

8.      Travelers issued an insurance policy to Creative Mechanical NY Inc. providing commercial general liability coverage for the policy period February 14, 2020 through February 14, 2021 under policy no. 680-3P962007-20-42 (the "Travelers Policy").

9.      Also included as a named insured on the Travelers Policy is Creative Mechanical Inc. XP Services Inc.; DBA Creative Plumbing Inc. ("Creative Plumbing").

10.     Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11.     Upon information and belief, Defendant Clear Blue issued an insurance policy to Tri-State Sprinklers/Aish Mechanical, Inc. ("Aish") providing commercial general liability coverage for the policy period March 19, 2020 to March 19, 2021 under policy no. WCIS-CGL-0003173-01 (the "Clear Blue Policy").

12.     Upon information and belief, subject to certain terms, conditions, and exclusions, the Clear Blue Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13.     Upon information and belief, the Clear Blue Policy contains an ADDITIONAL INSUREDS – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement, which provides, in relevant part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| Blanket where required by written contract signed by both parties and the insured contract is executed prior to any loss | Any location where required by written contract signed by both parties and the insured contract is executed prior to any loss |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations | |

A.   **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

3

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above. . . .

### Background Facts

14.     Creative Plumbing entered into a Sprinkler Contract with Aish dated March 20, 2020 to perform work at the Project.

15.     Part of the Sprinkler Contract is a rider entered into between Aish as Subcontractor and Creative Plumbing as Contractor (the "Rider").

16.     Attached hereto as Exhibit A is a true copy of the Sprinkler Contract, including the Rider.

17.     The date on the signature line for Creative Plumbing on the Rider is incorrect – Creative Plumbing signed the Rider in March of 2020, not 2022.

18.     The Rider requires Aish to obtain Commercial General Liability coverage of $1 million per occurrence, and $2 million in the aggregate.  *See* Ex. A, Subcontract.

19.     The Rider states that:

> The Subcontractor shall procure and shall maintain until final acceptance of the Work, such insurance as will protect the Contractor, all entities the Contractor is required to indemnify and hold harmless, the Owner, and their officers, directors, agents and employees, for claims arising out of or resulting from Subcontractor's Work under this Contract Agreement, whether performed by the Subcontractor, or by anyone for whose acts the Subcontractor may be liable.  . . . The Subcontractor's insurance shall include contractual liability coverage and additional insured coverage for the benefit of the Contractor, Owner and anyone else the Owner is required to name (as set forth in the schedule below), and shall specifically include coverage for completed operations. The insurance required to be carried by the Subcontractor . . . shall be PRIMARY AND NON-CONTRIBUTORY.  With respect to

4

each type of insurance specified hereunder, the Contractor's and Owner's insurances shall be excess to Subcontractor's insurance.

*See* Ex. A, Subcontract.

20.     YWA-Amsterdam LLC ("YWA") is the owner of the Project.

21.     The Rinaldi Group of New York, LLC ("Rinaldi") is the Construction Manager on the Project.

22.     Creative Plumbing entered into a Trade Agreement with Rinaldi for the Project dated June 7, 2019 (the "Trade Agreement").  A true copy of the Trade Agreement is attached hereto as Exhibit B.

23.     The Trade Agreement lists YWA as the Owner.  *See* Ex. B.

24.     The Trade Agreement lists Rinaldi as the Construction Manager.  *See* Ex. B.

25.     The Trade Agreement provides that Creative Plumbing:

agrees to carry insurance, which shall be primary to all other insurance, for its own account and all Additional Insureds as listed in Exhibit C hereto, as set forth on Exhibit C, of sufficient amount to cover any loss or damage that may arise on account of injuries or death happening to its employees, or to any other person, or to any property caused by or in connection with the operations of the Trade Contractor under this Trade Contract, but in any event with the minimum limits of liability set forth in Section 12.1(f) hereafter.

*See*, Ex. B, Section 12.1(a).

26.     The Trade Agreement requires Creative Plumbing to obtain at least $5 million combined single limit of Commercial General Liability insurance.  *See* Ex. B, Section 12.1(f).

27.     The Insurance Requirements included as Exhibit C to the Trade Agreement require Creative Plumbing to include as additional insureds a long list of entities, including YWA and Rinaldi.  *See* Ex. B, Exhibit C – Insurance Requirements.

28.     The Trade Agreement further requires that Creative Plumbing:

> shall, to the fullest extent permitted by law and at its own cost and
> expense, indemnify and defend the Construction Manager, the
> Architect, the Owner, all other persons and entities mentioned or
> referred to as Additional Insureds in Exhibit C hereof, their
> directors, officers, partners, agents and employees (the
> "Indemnitees"), and save them harmless from and against any and
> all claims, damages, losses, liabilities, suits, judgments, actions and
> all expenses (including attorneys fees' and disbursements) arising
> out of any act, error or omission or breach of the Trade Contract or
> infringement of any patent right by the Trade Contractor or any of
> its lower-tier trade contractors or suppliers of any tier in
> connection with the performance of the Work hereunder or
> otherwise arising out of, in connection with or as a consequence of
> the performance of the Work hereunder . . .

*See* Ex. B, Section 12.2.  Indemnity Requirements.

29.     On or about December 16, 2020, Claimant was working for Aish at the Project

when he sustained an injury to his finger while using a saw (the "underlying accident").

30.     The saw Claimant was using when he injured his finger was owned by Aish.

31.     By a complaint filed on or about February 2, 2021, Claimant commenced an

action styled *Ramon Rodal v. The Rinaldi Group of New York, LLC, et al.* in the Supreme Court

of the State of New York, County of New York, Index No. 151114/2021 (the "Underlying

Action").  The Underlying Action purports to assert causes of action seeking recovery for

Claimant's injuries from the underlying accident against YWA and Rinaldi, based on theories of

negligence and violations of the New York Labor Law, the New York State Industrial Code, and

OSHA.  A true copy of the Verified Complaint in the Underlying Action is attached hereto as

Exhibit C.

32.     Travelers has been defending and continues to defend YWA and Rinaldi as

additional insureds in the Underlying Action.

**Tenders to Clear Blue**

33.     By letter dated July 15, 2021, Travelers tendered to Clear Blue on behalf of Creative Mechanical, The Rinaldi Group, and YWA.

34.     By letter dated January 4, 2022, Goldberg Segalla rejected Travelers' tender on behalf of WestCongress Insurance Services, which was handling the claim for Clear Blue.

35.     Travelers requested that Clear Blue reconsider its denial, and by letter dated April 20, 2022, Goldberg Segalla denied this request.

36.     Travelers re-tendered to Clear Blue by letter dated January 23, 2023.

37.     Clear Blue has maintained its denial of the tender.

38.     Clear Blue refuses to abide by its obligation to defend and indemnify YWA and Rinaldi as additional insureds in the Underlying Action.

**Travelers' Cause of Action for Declaratory Relief as Against Clear Blue**

39.     Travelers repeats and realleges the allegations contained in paragraphs 1-38 above as if set forth here in their entirety.

40.     Rinaldi and YWA qualify as additional insureds under the Clear Blue Policy.

41.     Rinaldi and YWA are entitled to a defense under the Clear Blue Policy issued to Aish, as well as to indemnification thereunder for any verdict or judgment rendered against them in the Underlying Action.

42.     Coverage provided to Rinaldi and YWA by the Clear Blue Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

43.     Clear Blue has refused to provide coverage to Rinaldi and YWA with respect to the Underlying Action.

44.     Accordingly, Travelers seeks a declaration that Clear Blue has an obligation to defend and indemnify Rinaldi and YWA as additional insureds; that the coverage provided by the Clear Blue Policy to Rinaldi and YWA is primary; and that the obligations of Travelers to Rinaldi and YWA in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Clear Blue Policy.

45.     In addition, Travelers seeks an award at law and in equity against Clear Blue for recovery of all sums Travelers has incurred in defense of Rinaldi and YWA in the Underlying Action because the coverages provided by the Clear Blue Policy are primary to any coverage provided by Travelers.

### Prayer for Declaratory Relief

Wherefore, Plaintiff Travelers prays that judgment be entered as follows:

1.     Declaring that the Clear Blue Policy was in full force and effect on the date of the alleged accident.

2.     Declaring that all terms and conditions of the Clear Blue Policy have been complied with and met.

3.     Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the Clear Blue Policy.

4.     Declaring that Defendant Clear Blue owes a duty to defend Rinaldi and YWA in connection with the Underlying Action.

5.     Declaring that Defendant Clear Blue owes a duty to indemnify Rinaldi and YWA in connection with the Underlying Action.

6.     Declaring that Defendant Clear Blue's coverage obligations to Rinaldi and YWA in connection with the Underlying Action are primary.

7.      Declaring that the coverage obligations of Plaintiff Travelers under the Travelers Policy are excess and non-contributory to those of Defendant Clear Blue with respect to the Underlying Action.

8.      Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Clear Blue with respect to Clear Blue's duty to defend and to indemnify Rinaldi and YWA in connection with the Underlying Action.

9.      Granting an award in favor of Plaintiff Travelers against Defendant Clear Blue for all sums Travelers has paid in defending the Underlying Action.

10.     Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11.     Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 12, 2023

USERY & ASSOCIATES


By:   ___/s/Amy C. Gross_____
        Amy C. Gross
        *Attorneys for Plaintiff The Travelers Indemnity Company*
        Direct: 917.778.6462
        Fax: 844.571.3789
        Email: acgross@travelers.com

        Please address all correspondence sent by mail to:
        P.O. Box 2996
        Hartford, CT 06104-2996

        Physical Address:
        485 Lexington Avenue, 6th Floor
        New York NY 10017

9